# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:18-CR-00106-2-MAC** |
| | § | |
| | § | |
| **JASON RAY PHILLIPS** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is the Defendant's *Pro Se* Motion for New PSR (doc. #388). Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this motion is before the undersigned United States magistrate judge.

## Background

Phillips is currently serving a sentence of imprisonment after pleading guilty to the offense of conspiracy to possess with intent to distribute a controlled substance (50 grams or more of methamphetamine) in violation of 21 U.S.C. § 846. The court entered judgment on January 10, 2020. (Doc. #289.) He did not appeal his conviction and sentence. On September 28, 2020, Phillips filed a petition to vacate, set aside, or correct judgment, pursuant to 28 U.S.C. § 2255, which was denied. (Docs. #369, 389.)

## Issue Presented

Phillips submitted a letter to the court requesting that the court expunge the simple possession of marijuana conviction from his presentence investigation report (PSI) due to the new guidelines and prepare a new PSR for re-sentencing. (Doc. #388.) Phillips' PSR lists several prior convictions, including a conviction for possession of marijuana from 2014 in Brazoria County, Texas. (Doc. #263, at 12.) The report assessed two criminal history points for this conviction

1

towards his criminal history score pursuant to U.S.S.G. § 4A1.1(b)[1], which was ultimately used (in addition to other convictions) in assessing him with a criminal history score of 8 and a criminal history category of IV. (*Id.* at 13.)

## Discussion

A court may not modify a sentence of imprisonment once it has been imposed unless there are certain circumstances present. 18 U.S.C. § 3582(c). Those circumstances include: 1) extraordinary and compelling reasons exist and the defendant exhausted his administrative remedies; 2) the defendant is at least 70 years of age, has served at least 30 years in prison, is not a danger, and exhausted his administrative remedies; 3) a statute authorizes a modification; 4) within 14 days after sentencing, the court may correct a clear error; 4) substantial assistance is provided to the government; or 5) the defendant's sentencing range was subsequently lowered by the sentencing commission pursuant to 28 U.S.C. § 994(o) and such reduction is consistent with the section 3553 factors and applicable policy statements.[2] *Id.*

It appears that Phillips is arguing the last circumstance, but he does not state what new federal guideline he is referring to in his request. The court assumes that Phillips is referring to the recent Amendment 821, Part C, that revises the commentary to guideline § 4A1.3, which considers discretionary downward departures for criminal history points assessed for simple possession of marijuana offenses. U.S.S.G. § 4A1.3, Application Note 3(A)(ii). This amendment to the commentary section of that guideline does not expunge simple possession of marijuana convictions nor does it exclude them from consideration in calculating a defendant's criminal history score and category. Instead, it states that a "downward departure from the defendant's

---

[1] This guideline adds two points for each prior sentence of imprisonment of at least sixty days. U.S.S.G. § 4A1.1.

[2] The Defendant does not assert extraordinary and compelling reasons in his letter, nor does he show that he has exhausted his administrative remedies. He also does not meet any of the other criteria listed meriting a sentence modification or reduction in circumstances 1-4.

criminal history category may be warranted based on any of the following circumstances: . . . (ii) The defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." *Id.* As worded in the commentary, a downward departure under this guideline is only discretionary, stating that it "may be warranted." *Id.* Moreover, Part C of this amendment was not made retroactive like Parts A and B of the amendment. *See* U.S.S.G. § 1B1.10(d). Policy statement 1B1.10 specifically enumerates the guideline amendments that should be applied retroactively and states "821 (parts A and B, subpart 1 only and subject to subsection (e)(2))." *Id.* This amendment went into effect on November 1, 2023—more than three years after Phillips was sentenced. Consequently, Phillips may not receive a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) based upon changes to the guidelines.

Further, to the extent Phillips is arguing that his marijuana conviction should be expunged due to the President's proclamation that pardons the offense of simple possession of marijuana, this argument also lacks merit. Proclamation No. 10467, 87 Fed. Reg. 61,441 (Oct. 6, 2022). This proclamation only pardons convictions for possession of marijuana "in violation of Federal law or in violation of D.C. Code 48–904.01(d)(1), and not any other offenses related to marijuana or other controlled substances" and notes that "[n]o language herein shall be construed to pardon any person for any other offense." *Id.*; *see United States v. Galloway*, No. 1:18CR108-HSO-JCG-1, 2023 WL 3659770, at *3 (S.D. Miss. May 25, 2023).

In *Galloway*, like here, the defendant argued that he should receive a lower criminal history score under the Guidelines because his score was based in part on past convictions for possession of marijuana. *Id.* The court found that the proclamation did not vacate any of the defendant's prior convictions cited in the PSR because they were in violation of Mississippi state law—not the Controlled Substances Act under federal law. *Id.*

## Recommendation

For the reasons discussed herein, the undersigned recommends that the Defendant's Motion for New PSR (doc. #388) should be denied.

## Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Local R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 15th day of November, 2023.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE